UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

DAVID E. GEORGE,

*Plaintiff-Appellant,*

v.

REECE NELSON MCCLURE,

*Defendant-Appellee.*

No. 03-1315

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CA-00-952-1)

Argued: December 3, 2003

Decided: February 25, 2004

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Ellis Branch Drew, III, WELLS, JENKINS, LUCAS & JENKINS, P.L.L.C., Winston-Salem, North Carolina, for Appellant. Amiel J. Rossabi, FORMAN ROSSABI BLACK, P.A., Greensboro, North Carolina, for Appellee. **ON BRIEF:** William F. Patterson, Jr., FORMAN ROSSABI BLACK, P.A., Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

The plaintiff, David E. George, appeals the district court's award
of summary judgment in favor of the defendant, Reece Nelson
McClure, in George's civil action alleging that McClure fraudulently
obtained a favorable settlement in George's state court suit against
McClure. We affirm.

George and McClure were long-time associates in an interior
design business. George believed that McClure siphoned funds away
from the business shortly after it received a large contract to redesign
the headquarters of Brown & Williamson Tobacco Company in Lou-
isville, Kentucky. As a result, George sued McClure in North Caro-
lina state court. The state suit was dismissed with prejudice after the
parties settled it during a court-ordered mediation. In the later federal
case, now on appeal to us, George alleges that he was induced to set-
tle because McClure and his lawyer made fraudulent misrepresenta-
tions in the state court mediation conference, including that the
Brown & Williamson contract had been cancelled. George can suc-
ceed on his claims in federal court only if he can collaterally attack
the state court judgment. The district court granted summary judg-
ment to McClure because the fraud George alleged was intrinsic, and
under North Carolina law, the state court judgment could only be col-
laterally attacked on the basis of extrinsic fraud.

We first reject George's arguments that McClure was collaterally
estopped from seeking summary judgment. Although the district court
had previously denied McClure's Rule 12(b)(6) motion to dismiss,
that motion did not raise (and the district court did not address) the
intrinsic fraud issue. In addition, McClure's 12(b)(6) motion was not
converted into a motion for summary judgment because the district
court confined its ruling to the pleadings, disregarding the additional
materials submitted by the parties. *See Finley Lines Joint Protective*

*Bd. v. Norfolk S. Corp.*, 109 F.3d 993, 995-96 (4th Cir. 1997). Finally, McClure never conceded that summary judgment on the intrinsic fraud issue would be inappropriate.

On the merits of the appeal, after considering the joint appendix, the parties' briefs and the oral arguments of counsel, we are persuaded that the district court reached the correct result. Accordingly, we affirm on the reasoning of the district court. *See George v. McClure*, Civ. No. 1:00CV00952 (M.D. N.C. Feb. 10, 2003).

*AFFIRMED*